UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SOUTH PACIFIC SHIPPING COMPANY
LIMITED INC.,

Plaintiff,

v.

REDI-FRESH PRODUCE INC.,

Defendant.

Civil Action No. _____



## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Redi-Fresh Produce Inc. ("**Redi Fresh**")
hereby gives notice of removal of the above captioned matter from the New York Supreme
Court, New York County to the United States District Court for the Southern District of New
York pursuant to 28 U.S.C. §§ 1332, 1333, 1441(b), and 1446.  Pursuant to 28 U.S.C. §§ 1332(a)
and 1441(b) and 1446, the Court may and should take jurisdiction over this action for all
purposes for the following reasons:

1. **UNDERLYING ACTION.**   This action arises from a bad-faith, fraudulent
attempt by Plaintiff South Pacific Shipping Company Limited ("**South Pacific**") to extort freight
payments from Redi Fresh that are not and never were due to South Pacific in retaliation and
retribution for Redi Fresh's refusal to disobey an attachment order concerning South Pacific's
affiliate and alter-ego Truisfruit S.A. ("**Truisfruit**") and repeated demands for Redi Fresh to
transfer the funds to Truisfruit.

2. South Pacific claims that Redi Fresh owes South Pacific "freight" (i.e. ocean
transportation) charges in connection with Redi Fresh's agreement with Truisfruit to import and
sell Bonita Bananas.  A copy of South Pacific's complaint is attached hereto as Exhibit 1.

3.      Redi Fresh never contracted with South Pacific in any manner or otherwise agreed to pay any freight.  Rather, Redi Fresh merely agreed to sell the Bonita Bananas shipped by Truisfruit at prices dictated by Truisfruit in exchange for a commission, and remit all the proceeds, minus expenses and the commission to Truisfruit.

4.      The sales prices dictated by Truisfruit, at which price Redi Fresh sold the bananas, reflected not merely the value of the Bonita Bananas, but also the cost of the Bonita Bananas' ocean Transportation by Truisfruit affiliate and alter-ego, South Pacific.

5.      It was without question that any responsibility to pay freight by and between the Naboa-related entities fell squarely on Truisfruit, not Redi Fresh.  There is no circumstance where Redi Fresh could be obligated to ***both*** sell the Bonita Bananas for a commission and remit all proceeds to Truisfruit ***and*** be responsible for freight to South Pacific.

6.      South Pacific is well aware of this impossibility, as well as the precise details and nature of Truisfruit-Redi Fresh agreement.  Indeed, South Pacific actually paid Redi Fresh the agreed commission for selling the Bonita Bananas on Truisfruit's behalf.

7.      Due to the attachment orders issued by this Court, at this Court's urging, Redi Fresh deposited all proceeds of the Bonita Banana sales, minus the agreed commission and expenses, in this Court's registry, pursuant a stipulation so-ordered by this Court.  Redi Fresh and its counsel participated in three hearings before Judge Peck regarding Redi Fresh's role in the marketing and sale of the bananas.

8.      Truisfruit and South Pacific, acting through the principals of Naboa's Bonita Banana organization threatened Redi Fresh with legal consequences and warned Redi Fresh that it was "playing with fire" if it obeyed this Court's attachment order.

9.     This fraudulent, bad faith action by South Pacific is the clear and obvious retaliation for Redi Fresh declining to disobey a court order and for depositing all of the Bonita Banana proceeds in this Court's registry.

10.    This is the second bad faith attempt by South Pacific to engage in forum and judge shopping in connection with this dispute.  Judges Kaplan and Peck of the Southern District of New York are fully familiar with the facts of this matter, including the Truisfruit-Redi Fresh agreement, which was the subject of multiple depositions, as well as Redi Fresh's deposit of all relevant funds in this Court's registry.

11.    South Pacific initially filed an identical action in the Eastern District of New York, *South Pacific Shipping Company Limited, Inc. v. Redi-Fresh Produce Inc.,* 14-cv-1725 (E.D.N.Y.) (JBW) (**"EDNY Litigation"**) in a transparent attempt to have this dispute, which is related to and arises from ongoing litigation in the Southern District of New York, heard by a judge less familiar with the facts.  *See NYK Cool A.B. v. Pacific International Serv. Inc., et al.,* 12-cv-5754 (LAK) (**"NYK Cool Litigation"**).

12.    When Redi Fresh wrote letters to both the Eastern District of New York and the Southern District of New York on April 8, 2014, to alert both courts of South Pacific's blatant forum shopping tactics and South Pacific's vexatious bad-faith claim, South Pacific withdrew the EDNY litigation within 24 hours.  A copy of Redi Fresh's April 8, 2014 letter is attached hereto as Exhibit 2.

13.    On May 29, 2014, Redi Fresh joined a motion in the NYK Cool Litigation, in which Redi Fresh informed this Court that it intended to file a declaratory judgment action against South Pacific for a determination that no freight was owing, and that all Bonita Bananas proceeds had properly been placed in this Court's registry by Redi Fresh.  Redi Fresh stated that

it would seek this Court's instruction whether the Court wanted the declaratory determination to be brought by motion or other pleading within the NYK Cool Litigation, or filed as a new action to be marked "related" to the NYK Cool Litigation.

14.     Within 24 hours of the May 29, 2014 motion placing this Court and South Pacific on notice of the necessity for declaratory judgment as to Redi Fresh's proper actions and  having hired new counsel, South Pacific is again engaging in blatant and sanction-worthy forum shopping tactics by filing this action in state court (despite the previously alleged admiralty jurisdiction in the EDNY Litigation).

15.     The amount in controversy exceeds $75,000.

16.     Redi Fresh is a New York entity.

17.     South Pacific is a foreign entity believed to be incorporated in Panama or the Bahamas.

18.     In the wake of the attachment orders issued by this Court, all said proceeds of the Bonita Bananas due and owing to Truisfruit were deposited in this Court's registry via Court-ordered stipulation in the NYK Cool Litigation.

19.     <u>**JURISDICTION (DIVERSITY AND ADMIRALTY):**</u>   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity jurisdiction), and 28 U.S.C. 1333, (it concerns a dispute as to ocean-freight), and thus it is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).   This action is properly removable to this Court by Redi Fresh pursuant to 28 U.S.C. §§ 1332 and 1441(b), because it is a civil action between citizens of a state and a foreign state with an amount in controversy exceeding $75,000, exclusive of interest and costs.

a.     <u>Complete Diversity Exists</u>

Plaintiff South Pacific is a foreign company incorporated in either Panama or the Bahamas. *See* Complaint, ¶ 1 (stating Plaintiff is a Panamanian entity).

Defendant Redi Fresh is a company organized under the laws of New York with a principal place of business at 48-02 25th Ave., Astoria, New York.

        b.    <u>The Amount In Controversy Exceeds $75,000</u>

The amount in controversy exceeds $75,000. South Pacific has fraudulently and wrongfully claimed freight payments in excess of $900,000 are owed by Redi Fresh. Redi Fresh also maintains a counterclaim against South Pacific based upon an indemnity agreement between Redi Fresh and Truisfruit, for which indemnity South Pacific is liable as alter ego, which counterclaim will exceed $75,000.

**TIMELINESS:** Pursuant to 28 U.S.C. § 1446(b), the instant Notice of Removal has been filed within thirty (30) days of Redi Fresh receiving notice service of the Summons and Complaint. Accordingly, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b).

20.    **JOINDER OF ALL SERVED DEFENDANTS:** Redi Fresh is the only named defendant.

21.    **STATE COURT PLEADINGS:** Attached hereto as Exhibit 1 are true and correct copies of all of the process, pleadings and orders in the State Court action.

22.    **NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL:** A copy of this Notice of Removal is being filed with the New York County Supreme Court and written notice is being provided to the plaintiff pursuant to 28 U.S.C. § 1446(d).

23.    **NON-WAIVER:** In filing this Notice of Removal, Redi Fresh does not waive any defenses and counterclaims that may be available to it.

**WHEREFORE,** defendant Redi Fresh requests that the New York County Supreme Court proceed no further with the matter designated by the Complaint attached hereto, and that this action be removed to this Court.  Redi Fresh further requests any additional relief that this Court deems just and appropriate, including but not limited to attorneys' fees and sanctions.

New York, New York
June 10, 2014

HOLLAND & KNIGHT LLP
By:

James H. Power, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone:  212-513-3200
Telefax: 212-385-9010
Email:  james.power@hklaw.com
            warren.gluck@hklaw.com

*Counsel for Garnishee*
*Redi Fresh Produce, Inc.*

#11296629_v1

6

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____ x
                             :   Index No.:
SOUTH PACIFIC SHIPPING COMPANY LIMITED  :   Dated Purchased:
INC.,                              :
                             :   **SUMMONS**
                Plaintiff,     :
                             :   Plaintiff designates New York County
       -against-              :   as the place of trial.
                             :
REDI-FRESH PRODUCE INC.,           :   Venue is proper in this Court because
                             :   Plaintiff and Defendant engage in
                Defendant.   ·   business in New York.
_____ x

TO THE ABOVE NAMED DEFENDANT:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated:  New York, New York
        May 30, 2014

                                    BLANK ROME LLP
                                    Attorneys for Plaintiff

                           By:
                                   John D. Kimball
                                   Kate B. Belmont
                                   405 Lexington Ave.
                                   New York, NY 10174
                                   Tel.:  (212) 885-5000
                                   jkimball@blankrome.com

To:  Redi-Fresh Produce Inc.
      48-02 25th Avenue
      Astoria, New York 11103

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————— — — — — — x
                              :    Index No.:

SOUTH PACIFIC SHIPPING COMPANY LIMITED :
INC.,                                  :

                                  :   **COMPLAINT**
                       Plaintiff,       :

                                  :

               -against-          :

                                  :

REDI-FRESH PRODUCE INC.,               :

                                  :

                     Defendant.   :
————————————————————— x

Plaintiff SOUTH PACIFIC SHIPPING COMPANY LIMITED INC. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant REDI-FRESH PRODUCE INC. ("Defendant"), alleges upon information and belief as follows:

## THE PARTIES

1.     At all material times, Plaintiff was and now is a corporation organized and existing under the laws of Panama, with a principal place of business at Avenida Balboa, Edificio P.H. Bay Mall, 2do piso, Oficina 218.

2.     Plaintiff is an ocean carrier, doing business as Ecuadorian Line, and is in the business of transporting cargoes of bananas and other commodities in international commerce.

3.     At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of the United States, with a principal place of business at 48-02 25th Avenue, Astoria, New York.

4.     Defendant is in the business, *inter alia*, of importing and distributing bananas in the United States.

1

## JURISDICTION AND VENUE

5      This Court has personal jurisdiction over Defendant because Defendant upon information and belief, maintains its principal place of business in New York and the breach of contract giving rise to this action took place in New York

6      Venue is proper in this Court because Plaintiff and Defendant engage in business in New York

## GENERAL ALLEGATIONS

7      At the request of the Defendant, Plaintiff provided transport for six shipments of bananas from Ecuador to New York aboard five vessels, from approximately July 2013 to August 2013

8      Bills of lading were issued by Plaintiff to Defendant as the consignee of the banana shipments

9      Plaintiff issued the following ocean freight invoices to Defendant  Invoice 13 200, dated July 31, 2013, Invoice 13-209, dated August 2, 2013  Invoice 13-214, dated August 9 2013, Invoice 13-221, dated August 16, 2013, Invoice 13-228, dated August 23, 2013  and Invoice 13-232, dated August 30, 2013 (collectively referred to as " the Invoices")

10      The ocean freight owed to Plaintiff by Defendant pursuant to the Invoices totals $1,229,700 00

11      Certain credits were issued to Defendant in the amount of $315,802 80 ( the Credit Notes")

12      After the Credit Notes were issued, the total amount owed to Plaintiff by Defendant for the ocean freight as indicated by the Invoices and Credit Notes is $913 897 20

2

13.    No part of the outstanding ocean freight has been paid, although duly demanded, and, accordingly, Defendant is in breach of its agreement with Plaintiff.

14.    The non-payment for the ocean freight constitutes a breach of the terms by which Plaintiff agreed to provide transport of bananas for Defendant.

15.    As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $913,897.20, together with interest.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That this Court enter judgment for Plaintiff's claim in the amount of $913,897.20, plus interest, including an award of costs and attorneys' fees

C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 30, 2014

                              Respectfully submitted,
                              BLANK ROME LLP
                              Attorneys for Plaintiff

                              By _____
                                 John D. Kimball
                                 Kate B. Belmont
                                 405 Lexington Ave.
                                 New York, NY 10174
                                 Tel : (212) 885-5000
                                 jkimball@blankrome.com

3

**EXHIBIT 2**

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212 513 3200 | F 212 385.9010
Holland & Knight LLP | www.hklaw.com

James Harold Power
(212) 513-3494
james.power@hklaw.com

April 8, 2014

***Via Hand Delivery***

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Judge Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   RE:   South Pacific Shipping Co. Ltd. v. Redi-Fresh Produce Inc.,
              14-1725 (E.D.N.Y.) and NYKCool A.B. v. Pacific Int'l Serv. et al,
              12-cv-5754 (S.D.N.Y.)

Dear Judges Weinstein, Kaplan and Peck,

We represent Defendant/Counterclaimant Redi-Fresh Produce Inc. ("**Redifresh**") in the recently-filed matter styled *South Pacific Shipping Company Limited, Inc. v Redi-Fresh Produce Inc.,* 14-cv-1725 (E.D.N.Y.) (JBW) ("**EDNY Litigation**"), as well as in the matter of *NYKCool A.B. v. Pacific Int'l Serv. et al,* 12-cv-5754 (S.D.N.Y.) ("**SDNY Litigation**").

Atlanta | Boston | Chicago | Dallas | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia |
Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington D C | West Palm Beach

April 8, 2014
Page 2

We write pursuant to Local Rule 13(b)(3) of the United States District Courts for the Southern and Eastern Districts of New York (the "**Local Rules**") to inform both honorable courts of what the undersigned respectfully submits is a blatant case of forum and judge shopping.

As the Southern District of New York - and particularly Magistrate Judge Peck -- is acutely aware, SDNY Litigation involving NYKCool, the "Bonita Banana entities," including but not limited to South Pacific Shipping Company Limited Inc. ("**South Pacific**"), as well as Redifresh, has been ongoing since 2012.

A significant issue that was recently litigated, and continues to be the subject of the SDNY litigation was the nature and substance of Redifresh's agreement with Bonita Banana and South Pacific's alter-ego entity Truisfruit S.A. ("**Truisfruit**").

Redifresh appeared as Garnishee in the SDNY litigation and the precise parameters of the Truisfruit-Redifresh agreement were litigated, investigated, and the subject of multiple depositions. South Pacific's counsel, Michael Wilson, participated in both this litigation and the depositions.

Now, South Pacific has evidently determined that its chances of prevailing on a fabricated and fraudulent claim against Redifresh would be higher if the matter was filed before a court, the Eastern District of New York, that did not have any knowledge of the relevant facts. Of course, this is the height of impermissible forum and judge shopping.

Redifresh submits that it is beyond question that the EDNY Litigation and SDNY Litigation should be considered "related cases" because "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) [] absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See* Local Rule 13(a)(1).

Attached to this letter as Exhibit 1 is a true and correct copy of South Pacific's complaint in the EDNY matter. Attached to this letter as Exhibit 2 is a copy of Redifresh's proposed answer and counterclaim.

April 8, 2014
Page 3


If there is agreement that the matters are related and that South Pacific's complaint should have
been filed in the SDNY litigation, Redifresh respectfully requests that the matter be so
transferred to the SDNY, pursuant to Local Rule Local Rule 13(b)(3) or the Courts' inherent
authority pursuant to 28 U.S.C. 1404.


Sincerely yours,

HOLLAND & KNIGHT LLP

James Harold Power


JHP:lb
Enc.
cc:      *Via E-Mail*
         Michael D. Wilson (w/enc.)


#29008991_v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SOUTH PACIFIC SHIPPING COMPANY,
LIMITED, INC.,

                    Plaintiff/Counterclaim Defendant

v.

REDI-FRESH PRODUCE INC.

                    Defendant/Counterclaimant

Case No. 14-cv-1725  (JBW)

**[PROPOSED] ANSWER AND**
**COUNTERCLAIM**

Defendant/Counterclaimant Redi-Fresh Produce Inc. ("**Redifresh**"), by its attorneys, Holland & Knight LLP, as and for its answer to the knowingly false complaint ("**Complaint**") improperly filed in this Court as part of a wrongful forum and judge-shopping scheme by Plaintiff South Pacific Shipping Co. Ltd. d/b/a Ecuadorian Line ("**South Pacific**" or "**Ecuadorian Line**"), states upon information and belief as follows:

1.     Admitted.

2.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of whether South Pacific is a foreign corporation.  Defendant denies that Ecuadorian Line Inc. is merely an agent, as opposed to an "alter-ego" of South Pacific. Defendant denies sufficient information to form a belief as to the truth of whether Ecuadorian Line or South Pacific maintain an office or place of business at "60 Park Place, Newark, NJ" but note that the relevant bills of lading and invoices provide that Ecuadorian Line/South Pacific maintain an address in Panama, and Ecuadorian Line/South Pacific's website describe their office address in Florida.

3.     Admitted.

4.     Denied.  Pursuant to an oral agreement between Redifresh and non-party Truisfruit S.A. ("Truisfruit"), Redifresh agreed to receive, take title to, and market Bonita Bananas on behalf of Truisfruit.  All proceeds from the sale of the bananas, minus certain expenses and a $120,000 sales commission, were to be paid by Redifresh to Truisfruit under the agreement.

5.     Denied.

a.   Redifresh denies having knowledge or information sufficient to form a belief as to the truth of whether freight was earned with respect to the aforesaid shipments.

b.   Pursuant to the agreement between Redifresh and Truisfruit, Truisfruit was responsible for all costs associated with shipping and importing the bananas. Redifresh denies that there was any agreement between Redifresh and South Pacific or Ecuadorian Lines.

c.   The invoices referenced in paragraph "5" were fraudulently prepared and wrongfully sent to Redifresh as part of an unconscionable scheme by Plaintiff South Pacific and its affiliated entities[1] to avoid paying a judgment in the amount of $8,787,157 (plus interest), rendered by the Southern District of New York in the ongoing matter of *NYKCool A.B. v. Pacific Int'l Serv. et al,* 12-cv-5754 (S.D.N.Y.).  The purpose of their scheme and the fraudulent invoices was to

---

[1] Ecuadorian Lines, Truisfruit, Fruit Importers Americas Inc., Pacific International Services, Pan American Trading Company Inc., Pacific Group Holding, Inc., Noboa Ponton, Pacific Fruit Inc. and Kelso Enterprises Ltd. ("affiliates").  With the exception of *Truisfruit,* all of the above-entities are and were represented by South Pacific's Counsel, Mr. Wilson, in the *NYKCool* matter.

#28999646_v1

create the illusion that Redifresh was purchasing the bananas outright, including paying for freight, as opposed to selling and marketing the bananas on Truisfruit's behalf in exchange for a commission. Plaintiff NYKCool had engaged in significant and substantial judgment enforcement activities with respect to Plaintiff and its alter-ego affiliates described at n. 1, including but not limited to attachments predicated on piercing the corporate veil. Collectively, South Pacific and the affiliates own and operate the vertically integrated "Bonita Banana" production, exportation, shipping and marketing empire, which is principally operated from Ecuador, New Jersey and Miami.

6. Redifresh denies that South Pacific is entitled to any relief from Redifresh as set forth in the Complaint's "wherefore" clause. Redifresh submits that the facts will demonstrate that the Complaint was maliciously, wrongfully and/or frivolously filed, and/or that Rule 11 sanctions should be assessed against South Pacific and its attorneys for the material omissions and misrepresentations contained in the Complaint, as well as their egregious forum shopping tactics. To the extent that any party owes South Pacific anything, that party is Truisfruit.

## DEFENSES

1. Improper venue/prior action pending. To wit, *NYKCool A.B. v. Pacific Int'l Serv. et al,* 12-cv-5754 (S.D.N.Y.), in which action the precise issue of Redifresh's agreement with Truisfruit was litigated, South Pacific is a defendant, Ecuadorian Lines is a judgment debtor, and Truisfruit is a judgment debtor. Moreover, pursuant to an attachment order issued in that action, Redifresh deposited all of the proceeds of the Bonita Banana sales on behalf of Truisfruit into the Registry of the Southern District of New York, minus certain agreed expenses, including but not limited to expenses incurred pursuant to the agreed indemnity

between Truisfruit and Redifresh. A true and correct copy of the docket in *NYKCool A.B. v. Pacific Int'l Serv. et al,* 12-cv-5754 (S.D.N.Y.) is attached hereto as Exhibit 1. As Exhibit 1 reflects, and as further detailed in the depositions of Redifresh principal Peter Malo as well as Michael Stamatis, the precise nature of the agreement between Redifresh and Truisfruit, including Truisfruit's responsibility to pay all freight and expenses associated with the transportation and importation of the bananas was and is being litigated in the *NYKCool* action. Additionally, funds due and owing to Truisfruit from sale of the Bananas, which would presumably include any freight obligation of Truisfruit to South Pacific, was deposited in the registry of the SDNY Court. As such, any inconsistent determination concerning the status and owner of those funds here could result in inconsistent and contradictory orders as regards Redifresh.

2. **Failure to join necessary party.** Truisfruit is a necessary party to this action as it is undisputed that Truisfruit shipped and arranged for the transportation of the bananas associated with South Pacific's wrongful claim against Redifresh for freight.

3. **Failure to state a claim upon which relief can be granted.** The Complaint references an "agreement," but not specifically with Redifresh. Merely sending an unrequested invoice in connection with services not provided to Redifresh, but to Truisfruit, pursuant to an agreement with Truisfruit, does not entitle South Pacific to any relief from Redifresh.

4. South Pacific's claims are barred by the doctrine of unclean hands. As set forth above, the invoices were prepared, and any alleged agreement was fabricated, in order to further an unconscionable scheme by Plaintiff South Pacific, Truisfruit and the affiliates to avoid paying the judgment in favor of NYKCool.

4

5. In the alternative, to the extent that South Pacific was due any freight in connection with the sale and importation of the bananas from Truisfruit, proceeds of Redi Fresh's sales of the bananas were deposited in the registry of the Southern District of New York. South Pacific had and has full knowledge of such deposit but failed to act on its rights.

6. Redifresh reserves the right to interpose additional defenses as they become known.

## REDIFRESH'S COUNTERCLAIM AGAINST SOUTH PACIFIC

1.     Redifresh is an independent company with no affiliation whatsoever with South Pacific, Truisfruit or any of the named defendants. Redifresh has been in business since 1998, and during that time, has imported bananas, pineapples, plantains and mangoes of numerous brands and origins as well as under the Redifresh label and Belleza brands.

2.     Redifresh is always looking for new business opportunities to expand its business. When the opportunity to sell the well-recognized "Bonita Bananas" brand presented itself, Redifresh was interested because at the time, the Bonita Brand was valuable and well regarded in the New York area. Redifresh welcomed the opportunity to serve as one of a small number of independent importers of Bonita Bananas.

3.     All purchases of Bonita Bananas by Redifresh from Truisfruit were pursuant to a series of oral agreements whereby Redifresh agreed to buy the Bonita Bananas at the Equador load port and take title to the Bonita Bananas at the Equador load port, as is customary in the business.

4.     As consideration for taking title to and selling the Bonita Bananas, it was agreed between Redifresh and Truisfruit that Redifresh was to be paid a fee of $120,000. At the inception of the arrangement, a $20,000 advance on this fee was paid to Redifresh. As set forth

5

in greater detail below, South Pacific - Truisfruit's alter-ego and the Plaintiff/Counterclaim-defendant in <u>this</u> action -- actually made this $20,000 payment to Redifresh for Truisfruit's debt pursuant to the oral agreements.

5.      Truisfruit further expressly agreed to, and did, indemnify Redifresh as against any litigation or liability commenced against or with respect to Redifresh in connection with the banana importation.   The risk of such lawsuits became known in view of the NYK Cool litigation against (initially) South Pacific and its affiliates by NYKCool, which litigation ultimately included Truisfruit, who was found liable to NYKCool as an alter-ego judgment debtor.

6.      One or more attachment orders was served upon Redifresh as garnishee with respect to the bananas and the claims against South Pacific, Truisfruit and its affiliates. Responding to and defending Redifresh's interests with respect to the attachment orders required Redifresh to appear and incur substantial attorneys' fees in the NYKCool litigation in the Southern District of New York, wherein South Pacific was named a defendant.

7.      Pursuant to the indemnity agreement between Truisfruit and Redifresh, Truisfruit was responsible for Redifresh's attorneys fees.  As set forth in greater detail below, just like the advance fee of $20,000, it was once again South Pacific - Truisfruit's alter-ego and Plaintiff/Counterclaim-defendant in this action -- that actually sent *both* the initial legal fees retainer of $5000, as well as the subsequent legal fees retainer of $20,000, to Redifresh. Notably, these  legal fees retainers were sent by Truisfruit/South Pacific *after* the fraudulent freight invoices at the center of this litigation were issued by South Pacific.

8.      Pursuant to agreement, the remainder of Redifresh's legal fees and other expenses related to marketing the fruit were set-off from the moneys owed to Truisfruit from the

6

marketing and sale of the fruit.

9.      The indemnity agreement between Truisfruit and Redifresh remains in effect. As such, Truisfruit is currently liable for Redifresh's legal fees incurred in connection with responding to South Pacific's bad-faith complaint and asserting this counter-claim. These fees are currently estimated to be $15,500.   Truisfruit is further liable for all of Redifresh's to-be-incurred fees in connection with this matter, as well as any liability of Redifresh to South Pacific.

10.      South Pacific is the alter-ego of Truisfruit, and as such, is liable for Truisfruit's indemnity obligations to Redifresh.

11.      South Pacific and Truisfruit share common, beneficial ownership.  To wit, both South Pacific and Truisfruit are part of the vertically integrated "Bonita Banana" empire.  This empire includes Ecuadorian Lines, Truisfruit, Fruit Importers Americas Inc., Pacific International Services, Pan American Trading Company Inc., Pacific Group Holding, Inc., Alvaro Fernando, Noboa Ponton, Pacific Fruit Inc. and Kelso Enterprises Ltd.  ("affiliates"). With the exception of Truisfruit, all of the above-entities are and were represented by South Pacific's Counsel, Mr. Wilson, in the *NYKCool* matter.

12.      South Pacific and Truisfruit are dominated and controlled by Noboa Panton, Diogenis Villacis and Maddy Gillardo.  In fact, Truisfruit is itself a sham entity created for the express purpose of attempting to avoid the NYKCool judgment.

13.      Indeed, prior to Truisfruit, Bonita Bonanas were sold in the United States by Fruit Importers Americas.  After a judgment was entered against Fruit Importers by the Southern District of New York, the receivables due to Fruit Importers were fraudulently and unlawfully transferred to Truisfruit.

14.      Fruit Importers, Truisfruit and South Pacific share common managers, officers

7

and directors, operate from the same physical offices, and persons reporting to represent and speak for both such entities utilize email addresses "@bonita.com."

15.     Voluminous documentation as to all of the facts was produced in the NYKCool litigation in the Southern District of New York and depositions of Redifresh principals concerning these same facts took place.

16.     Truisfruit and South Pacific have misused the corporate form to perpetrate a fraud against NYKCool.   Now South Pacific and Truisfruit are misusing their corporate forms to renege on the clear agreement between Truisfruit and Redifresh and fraudulently attempt to collect freight from Redifresh.

17.     Redifresh and Truisfruit are not merely alter-egos in the abstract.  Their alter-ego behavior is apparent within the <u>specific</u> context of the oral agreement and this freight dispute.  In particular, it was South Pacific that paid the initial portion of both Redifresh's commission and Redifresh's attorneys fees pursuant to the oral importation and indemnity agreements between Redifresh and Truisfruit.   It is not customary in the maritime business, fruit business or any business for one entity to pay the unrelated debts and obligations of another.

18.     Moreover, the fact that South Pacific paid both Redifresh's commission and Redifresh's attorneys fees pursuant to the oral importation and indemnity agreements between Redifresh and Truisfruit demonstrates South Pacific's actual knowledge of the terms of the agreement between Redifresh and Truisfruit, which underscores the bad-faith nature of South Pacific's claim herein.

#28999646

**WHEREFORE**, Redifresh requests judgment against South Pacific in an amount to be determined at trial, but in the minimum current amount of $15,500, and any other relief that this Court determines to be just and proper.

Dated: April __, 2014

                                          HOLLAND & KNIGHT LLP

                                        By: _____
                                                 James H. Power, Esq.
                                               Warren E. Gluck, Esq.
                                                 HOLLAND & KNIGHT LLP
                                                 31 West 52nd Street
                                                 New York, New York 10019
                                                 Telephone:  212-513-3200
                                                 Telefax: 212-385-9010
                                                 Email:  james.power@hklaw.com
                                                                           warren.gluck@hklaw.com

                                        *Counsel for Redi Fresh Produce, Inc.*