UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SOUTH PACIFIC SHIPPING CO. LTD. INC.,            :

               Plaintiff,            :            14 Civ. 4157 (LAK)(AJP)

        -against-            :            **REPORT & RECOMMENDATION**

REDI-FRESH PRODUCE INC.,            :

              Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

        Plaintiff South Pacific Shipping Co. Ltd. Inc. brings this action against Redi-Fresh Produce Inc. alleging non-payment of ocean freight.  (Dkt. No. 2: Notice of Removal Ex. 1: Compl. ¶ 14.)  Presently before the Court is defendant Redi Fresh's motion to dismiss and for sanctions pursuant to Fed. R. Civ. P. 11.  (Dkt. No. 19: Notice of Motion.)  Redi Fresh requests its reasonable attorneys' fees and costs incurred in defending against South Pacific's action, amounting to "tens of thousands of dollars."  (Dkt. No. 20: Redi Fresh Br. at 14; see Dkt. No. 24: Redi Fresh Reply Br. at 3.)  South Pacific's opposition brief seeks sanctions against Redi Fresh for attorneys' fees incurred in opposing Redi Fresh's motion, but South Pacific has not filed a cross motion.  (Dkt. No. 21: South Pacific Opp. Br. at 19-20.)

        For the reasons set forth below, South Pacific's complaint should be DISMISSED, Redi Fresh's motion for Rule 11 sanctions should be GRANTED, and  South Pacific's request for sanctions should be DENIED.

## FACTS

### Parties

Plaintiff South Pacific is an ocean carrier, organized and existing under the laws of Panama.  (Dkt. No. 2: Notice of Removal Ex. 1: Compl. ¶¶ 1-2.)  South Pacific does business as "Ecuadorian Line," transporting bananas and other commodities in international commerce. (Compl. ¶ 2.)  South Pacific is part of a "group" of entities, owned by Alvaro Noboa, that are parties to the related case of <u>NYKCool A.B.</u> v. <u>Pac. Int'l Servs., Inc.</u>, 12 Civ. 5754 (LAK)(AJP) (the "NYKCool litigation").  (Dkt. No. 15: 7/29/14 Conf. Tr. at 24: South Pacific's counsel concedes that South Pacific and Truisfruit are part of the Noboa group.)

Defendant Redi Fresh is an importer and distributor of bananas, organized and existing under the laws of the United States, with its principal place of business in Astoria, New York.  (Compl. ¶¶ 3-4.)

### Procedural Background

On March 12, 2014, South Pacific filed a similar complaint against Redi Fresh with the same caption as this case, in the United States District Court for Eastern District of New York ("EDNY").  (Dkt. No. 10: Ans. Ex. 1: EDNY Compl.; Dkt. No. 2: Notice of Removal ¶ 11.)  On April 8, 2014, Redi Fresh notified the EDNY and this Court that South Pacific's EDNY complaint should be considered related to the ongoing NYKCool litigation in this Court.  (Notice of Removal ¶ 12 & Ex. 2: 4/8/14 Letter at 2.)  Within twenty four hours, South Pacific withdrew its EDNY complaint.  (Notice of Removal ¶ 12.)  On May 29, 2014, Redi Fresh joined a motion in the NYKCool litigation informing the Court of its intent to file a declaratory judgment action seeking a determination that no freight was owed to South Pacific.  (Notice of Removal ¶ 13; 12 Civ. 5754, Dkt. No. 191: Notice of Joinder at 3.)  On May 30, 2014, South Pacific filed the present complaint

in Supreme Court, New York County.  (Notice of Removal  ¶ 14.)  On June 10, 2014, Redi Fresh

filed a Notice of Removal based on diversity and admiralty jurisdiction.  (Notice of Removal ¶ 19.)

On June 10, 2014, Redi Fresh filed a Statement of Relatedness, and on June 12, 2014, Judge Kaplan

accepted this case as related to the NYKCool litigation.  (Dkt. No. 3: Stmt. of Relatedness; 6/11/14

minute entry, "Case Accepted as Related.")

**Factual Allegations in the Complaint**

      South Pacific's complaint alleges that: in July-August 2013, South Pacific transported

six shipments of bananas from Ecuador to New York.  (Dkt. No. 2: Notice of Removal Ex. 1:

Compl. ¶ 7.)  South Pacific alleges that the amount of ocean freight (after certain credits) owed is

$913,897.20.  (Compl. ¶¶ 8-12.)  Redi Fresh has not paid any outstanding ocean freight.  (Compl.

¶ 13.)  South Pacific claims damages for breach of contract in the amount of $913,897.20 plus

interest.  (Compl. ¶ 15.)

**Background of the Related NYKCool Litigation**

      Redi Fresh became involved in the NYKCool litigation in approximately June 2013

when it entered into an agreement with Truisfruit, one of the Noboa companies, to sell Bonita

bananas.  (Dkt. No. 20: Redi Fresh Br. at 5.)  The facts underlying the NYKCool litigation are

discussed at length in the Court's previous opinions, familiarity with which is assumed.  <u>NYKCool</u>

<u>A.B.</u> v. <u>Pac. Int'l Servs., Inc.</u>, 12 Civ. 5754, 2014 WL 2535538 (S.D.N.Y. June 6, 2014) (Peck,

M.J.); <u>NYKCool A.B.</u> v. <u>Pac. Int'l Servs., Inc.</u>, 12 Civ. 5754, 2013 WL 6799973 (S.D.N.Y. Dec. 20,

2013) (Peck, M.J.); <u>NYKCool A.B.</u> v. <u>Pac. Int'l Servs., Inc.</u>, 12 Civ. 5754, 2013 WL 1274561

(S.D.N.Y. Mar. 29, 2013) (Peck, M.J.), <u>aff'd</u>, 562 F. App'x 45 (2d Cir. 2014); <u>NYKCool A.B.</u> v. <u>Pac.</u>

<u>Int'l Servs., Inc.</u>, 12 Civ. 5754, 2012 WL 5462611 (S.D.N.Y. Nov. 9, 2012) (Peck, M.J.); <u>NYKCool</u>

<u>A.B.</u> v. <u>Pac. Fruit Inc.</u>, 10 Civ. 3867, 2012 WL 1255019 (S.D.N.Y. Apr. 16, 2012) (Peck, M.J.);

NYKCool A.B. v. Pac. Fruit Inc., 10 Civ. 3867, 2011 WL 3666579 (S.D.N.Y. Aug. 9, 2011) (Peck, M.J.), aff'd, 507 F. App'x 83 (2d Cir. 2013); NYKCool A.B. v. Pac. Fruit Inc., 10 Civ. 3867, 2010 WL 4812975 (S.D.N.Y. Nov. 24, 2010) (Peck, M.J.).

        In September 2011, the Court confirmed a maritime arbitration award of $8,787,157 in NYKCool's favor against Pacific Fruit and Kelso, the Noboa companies responsible for marketing, importing and distributing Bonita brand bananas in the United States and Japan, respectively. (10 Civ. 3867, Dkt. No. 47: 9/16/11 Judgment.) See also NYKCool A.B. v. Pac. Int'l Servs., Inc., 2013 WL 1274561 at *1. Like plaintiff South Pacific here, Pacific Fruit and Kelso are part of a network of companies controlled by Alvaro Noboa that supply Bonita brand bananas from Ecuador to be marketed and sold in the United States and worldwide. (Dkt. No. 15: 7/29/14 Conf. Tr. at 24; 12 Civ. 5754, Dkt. No. 110: Am. Compl. ¶ 22.) See NYKCool A.B. v. Pac. Int'l Servs., Inc., 2013 WL 1274561 at *3.

        Before NYKCool could enforce its judgment, Pacific Fruit transferred all of its assets to Fruit Importers of America ("FIA"), a Noboa-controlled company created to replace Pacific Fruit as the entity responsible for marketing and distributing Bonita bananas in the United States. (See 12 Civ. 5754, Dkt. No. 85: 8/14/13 Conf. Tr. at 3; 12 Civ. 5754, Am. Compl. ¶¶ 51, 109.) Successive Noboa-controlled entities have rendered themselves judgment proof by transferring and assigning their assets as Pacific Fruit did. See, e.g., NYKCool A.B. v. Pac. Int'l Servs., Inc., 2014 WL 2535538 at *2. Each time, NYKCool has amended its complaint to seek judgment against the new or additional Noboa-controlled entity, in a pattern resembling a game of whack-a-mole. (Id.)

        It is undisputed that the shipping invoices at issue in this case are ocean freight charges for Bonita bananas supplied to Redi Fresh by Truisfruit S.A. (Dkt. No. 10: Ans. ¶ 3.) This Court entered judgment in NYKCool's favor against Truisfruit, another Noboa-controlled entity, on

March 18, 2014.  (12 Civ. 5754, Dkt. No. 151: 3/18/14 Judgment.)  See NYKool A.B. v. Pac. Int'l Servs., Inc., 2014 WL 2535538 at *3.  Ecuadorian Line, under which name South Pacific is doing business (see page 2 above), likewise is a Noboa-controlled entity added as a defendant to the NYKCool litigation, against which this Court entered judgment in NYKCool's favor. (12 Civ. 5754, Dkt. No. 73: 7/10/13 Judgment.)  See NYKool A.B. v. Pac. Int'l Servs., Inc., 2014 WL 2535538 at *2.

**Redi Fresh as Garnishee in the NYKCool Litigation**

For purposes "of satisfying the judgment in the amount of $8,787,157," the Court entered an Order of Attachment on August 1, 2013, requiring, inter alia, that "all banana cargoes entering the Port of New York under the 'Bonita' brand" be seized.  (12 Civ. 5754, Dkt. No. 75: 8/1/13 Attachment Order at 1-2.)

Redi Fresh was served with the Order of Attachment on or about August 16, 2013. (12 Civ. 5754, Dkt. No. 88: 8/21/13 Conf. Tr. at 9.)  At a conference on August 21, 2013, Redi Fresh's counsel represented that Redi Fresh possessed approximately sixty-five cargo containers of Bonita bananas it had received and offloaded in Brooklyn over the previous ten days.  (12 Civ. 5754, 8/21/13 Conf. Tr. at 3, 10; see 12 Civ. 5754, Dkt. No. 125: 10/25/13 Letter at 3.)  Redi Fresh's counsel stated that Redi Fresh was "receiving the bananas as a consignee" or "broker," and that Redi Fresh was not the "true beneficial owner[]" of the cargo.  (12 Civ. 5754, 8/21/13 Conf. Tr. at 13-15; see 12 Civ. 5754, Dkt. No. 102: 9/18/13 Conf. Tr. at 12-13, 17, 26, 33.)  According to their agreement, "Redi Fresh pays Truisfruit upon the sale of fruit to Redi Fresh's customers."  (12 Civ. 5754, 9/18/13 Conf. Tr. at 30.)  The Court gave Redi Fresh the option of marketing the perishable bananas and posting adequate substitute collateral to the Court's registry or an escrow account.  (12 Civ. 5754, 9/18/13 Conf. Tr. at 5, 29-32; 12 Civ. 5754, 9/18/13 Dkt. Minute Entry; see 12 Civ. 5754,

8/21/13 Conf. Tr. at 10, 12-13.)  See <u>NYKool A.B.</u> v. <u>Pac. Int'l Servs., Inc.</u>, 2014 WL 6799973 at

*3.

On October 25, 2013, NYKCool informed the Court that Redi Fresh had agreed to

deposit into the Court's registry the proceeds from the sale of its Bonita banana cargo.  (12 Civ.

5754, 10/25/13 Letter at 3-4.)  The October 28, 2013 Consent Order stated as follows:

> WHEREAS, garnishee Redi Fresh Produce, Inc. ("Garnishee") is holding
> funds reflecting sale proceeds collected from the sale of Bonita brand bananas.
> Plaintiff has asserted such funds from the sale of Bonita bananas should be restrained
> by Garnishee pursuant to the Attachment Order.  Garnishee has asserted that it owes
> non-party Truisfruit S.A., the supplier of the Bonita bananas, the sales proceeds
> collected from Garnishee's sale of Bonita bananas minus a management fee, costs,
> expenses and legal fees incurred by Garnishee in this action ("Attached Funds"); and
> Garnishee and Plaintiff wish to deposit into the Court Registry the Attached Funds;
> and
>
> WHEREAS, as of the date of this Order, the value of the Attached Funds is
> $1,376,787.60; and
>
> . . . .
>
> IT IS HEREBY ORDERED that:
>
> 1.  The Attached Funds presently under restraint by Garnishee in the amount
> of $1,376,787.60 and any Future Bonita Funds are hereby ordered to be transferred
> by Redi Fresh Produce, Inc. and deposited in the Court Registry of the United States
> District Court for the Southern District of New York. . . . ; and
>
> 2.  Upon receipt of the aforementioned deposits, the Clerk of the Court, as
> soon as his office allows, shall prepare the necessary forms for the purpose of
> placing said funds into the Court Registry Investment System, Interest Bearing
> Account; and
>
> . . . .
>
> 5.  The funds on deposit . . . shall be disbursed in whole or in part as follows:
>
> . . . .
>
> C.  In accordance with any final judgment or award rendered by any
> Court or arbitration panel of competent jurisdiction . . . ; or

> D.  In accordance with any decision or order of this Honorable Court; and
>
> . . . .
>
> 8.  Redi Fresh Produce, Inc. shall have discharged its obligations as garnishee in this action upon receipt of the Attached Funds into the Registry of the Court . . . .

(12 Civ. 5754, Dkt. No. 126: 10/28/13 Consent Order.)  See NYKool A.B. v. Pac. Int'l Servs., Inc., 2014 WL 6799973 at *3-4.

It is undisputed in this matter that Redi Fresh has placed all proceeds from the sale of Bonita bananas in the Court's registry.  (Dkt. No. 10: Ans., Countercl. ¶ 20.)

**Redi Fresh's Motion for Sanctions**

By Notice of Motion dated October 10, 2014, Redi Fresh moved to dismiss South Pacific's complaint and for Rule 11 sanctions.  (Dkt. No. 19: Notice of Motion.)  Redi Fresh contends that South Pacific's litigation conduct is retaliatory, in bad faith and patently frivolous. (Dkt. No. 20: Redi Fresh Br. at 1-2.)  Redi Fresh states that the "Noboa organization warned Redi Fresh that it was 'playing with fire'" by complying with the Attachment Order in the NYKCool litigation.  (Redi Fresh Br. at 6; Dkt. No. 26: Stamatis Aff. ¶ 40.)  Redi Fresh states that over the course of voluminous document and deposition discovery in the NYKCool litigation concerning the exact nature of the Redi Fresh/Truisfruit agreement, an entity called South Pacific Shipping Co. Ltd. ("SPSC") was represented by Michael Wilson of Hill Rivkins ("Wilson"), who represented all of the Noboa entities.  (Redi Fresh Br. at 6.)[1]  Redi Fresh president Peter Malo and employee Michael Stamatis testified in Mr. Wilson's presence throughout depositions that all proceeds of the Bonita banana sales were owed to Truisfruit, and that Redi Fresh did not owe freight to any party, including

---

[1]  By letter dated June 13, 2014, plaintiff South Pacific informed the Court that it is a separate, albeit similarly named, entity from SPSC.  (Dkt. No. 8: 6/13/14 Letter at 1.)

the only "South Pacific" entity of which it was then aware.  (Redi Fresh Br. at 6.)  Redi Fresh

contends that Mr. Wilson, who filed <u>South Pacific's</u> EDNY complaint, was aware of Redi Fresh's

position concerning freight, and of the deposit of all Bonita banana proceeds in the Court registry.

(Dkt. No. 10: Ans. Ex. 1: EDNY Compl.; Redi Fresh Br. at 10.)   Indeed, Redi Fresh asserts that in

connection with the attachment, "South Pacific" [<u>i.e.</u>, SPSC] paid both Redi Fresh's commission and

Redi Fresh's attorneys' fees, both of which were owed by Truisfruit.  (Redi Fresh Br. at 11; Stamatis

Aff. ¶¶ 11, 13.)  Redi Fresh argues that South Pacific commenced this action to force Redi Fresh to

expend attorneys' fees and to expose Redi Fresh to impermissible double liability.  (Redi Fresh Br.

at 11; Stamatis Aff. ¶¶ 40-46; Dkt. No. 24: Redi Fresh Reply Br. at 1-2.)[2]

**Additional Judicially-Noticed Facts**

The complaint South Pacific filed in the EDNY stated that "Plaintiff, South Pacific

Shipping, is a foreign corporation with an agent, Ecuadorian Line Inc. with an office and place of

business at 60 Park Place, Newark, NJ and is the owner and/or operation of ocean vessels."  (Dkt.

No. 10: Ans. Ex. 1: EDNY Compl. ¶ 2.)  The EDNY complaint was filed by Mr. Wilson (<u>id.</u> at pp.

1-2), who represented the Noboa companies including "SPSC" in the NYKCool litigation including

the attachment proceedings.  The EDNY complaint was filed on March 12, 2014 (<u>id.</u>), the day after

---

[2]     Redi Fresh also brings the Court's attention to proceeds from the sale of "Rica" brand
bananas, delivered to Redi Fresh by Truisfruit in July-August 2013.  (Redi Fresh Br. at 7-8;
Stamatis Aff. ¶¶ 35-39.)   The Rica brand bananas were deemed outside the Court's
Attachment Order, and the proceeds from the sale of 6,480 boxes, totaling $79,380, have
been segregated by Redi Fresh.  (Redi Fresh Br. at 8; Stamatis Aff. ¶ 37.)  Redi Fresh
believes these proceeds are owed to Truisfruit (which thus would be attachable by
NYKCool) but has offered to remit payment to whoever is owed, so long as all parties
acknowledge payment appropriately was made.  (Redi Fresh Br. at 8; Stamatis Aff. ¶¶ 38-
39.)  South Pacific claims it is entitled to at least a portion of the Rica proceeds as payment
for freight.  (Dkt. No. 21: South Pacific Opp. Br. at 1.)  The parties are ordered to either
resolve their dispute or bring an interpleader action so that all parties with a possible interest
in those proceeds are properly joined.

this Court granted NYKCool's default motion for summary judgment as to Truisfruit. (12 Civ. 5754, Dkt. No. 150: 3/11/14 Order.)  This Court already has entered judgment in favor of NYKCool against Ecuadorian Line, Inc., a shipping agent for Bonita bananas with an office at 60 Park Place, Newark, New Jersey, which also is (or was) the address for Noboa's other alter ego companies including Pacific International and Fruit Importers.  (12 Civ. 5754, Dkt. No. 73: 7/10/13 Judgment.) NYKCool A.B. v. Pac. Int'l Servs., Inc., 2013 WL 1274561 at *2.  Although the complaint presently before the Court does not list South Pacific's address, it states that South Pacific is doing business as Ecuadorian Line.  (Dkt. No. 2: Notice of Removal Ex. 1: Compl. ¶ 2.)

## ANALYSIS

## I.  SOUTH PACIFIC'S CLAIM SHOULD BE DISMISSED

### A.  The Fed. R. Civ. P. 12(b)(6) Twombly-Iqbal "Plausibility" Standard

In the Twombly and Iqbal decisions in 2007 and 2009, the Supreme Court significantly clarified the standard for a motion to dismiss, as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Two working principles underlie our decision in <u>Twombly</u>.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss</u>.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009) (citations omitted & emphasis added) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 556-57, 570, 127 S. Ct. 1955, 1965-66, 1974 (2007) (retiring the <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), pleading standard that required denying a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")).[3/]

---

[3/]     Accord, <u>e.g.</u>, <u>Affinity LLC</u> v. <u>GfK Mediamark Research & Intelligence, LLC</u>, 547 F. App'x 54, 55-56 (2d Cir. 2013); <u>Massena</u> v. <u>Bronstein</u>, 545 F. App'x 53, 55 (2d Cir. 2013); <u>Cancel</u> v. <u>Home Depot</u>, 488 F. App'x 520, 520 (2d Cir. 2012); <u>Spataro</u> v. <u>Glenwood Supply</u>, 479 F. App'x 403, 404 (2d Cir. 2012); <u>Starr</u> v. <u>Sony BMG Music Entm't</u>, 592 F.3d 314, 321 (2d Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 901 (2011); <u>Harris</u> v. <u>Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009); <u>Scerba</u> v. <u>Allied Pilots Ass'n</u>, 13 Civ. 3694, 2013 WL 6481583 at *6-7 (S.D.N.Y. Dec. 10, 2013) (Peck, M.J.), <u>aff'd</u>, No. 14-1006, –F. App'x–, 2014 WL 4851713 (2d Cir. Oct. 1, 2014); <u>Florio</u> v. <u>Canty</u>, 954 F. Supp. 2d 227, 229-30 (S.D.N.Y. 2013) (Peck, M.J.) (citing cases); <u>Mahoney</u> v. <u>Sony Music Entm't</u>, 12 Civ. 5045, 2013 WL 491526 at *4-5 (S.D.N.Y.
(continued...)

Even after <u>Twombly</u> and <u>Iqbal</u>, the Court's role in deciding a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Bison Capital Corp.</u> v. <u>ATP Oil & Gas Corp.</u>, 10 Civ. 0714, 2010 WL 2697121 at *5 (S.D.N.Y. June 24, 2010) (Peck, M.J.) (quotations omitted), <u>report & rec. adopted</u>, 2010 WL 3733927 (S.D.N.Y. Sept. 16, 2010).[4]

**B.    South Pacific Has Not Stated a Claim on Which Relief Can Be Granted**

Under the <u>Twombly</u>-<u>Iqbal</u> plausibility standard, district courts must accept as true all factual allegations contained in a complaint, but when deciding what is plausible, a district court must consider the context and "draw on its judicial experience and common sense." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  Considered alone, South Pacific's complaint would state a claim for breach of contract.  (Dkt. No. 2: Notice of Removal Ex. 1: Compl. ¶¶ 7-14.)  In context, and drawing on judicially-noticeable facts from the NYKCool litigation, the facts alleged in the complaint do not "plausibly give rise to an entitlement to relief." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. at 679, 129 S. Ct. at 1950 (2009).

---

[3]    (...continued)
Feb. 11, 2013) (Peck, M.J.); <u>Toto, Inc.</u> v. <u>Sony Music Entm't</u>, 12 Civ. 1434, 2012 WL 6136365 at *5 (S.D.N.Y. Dec. 11, 2012) (Peck, M.J.), <u>report & rec. adopted</u>, 2013 WL 163826 (S.D.N.Y. Jan. 15, 2013).

[4]    <u>Accord</u>, <u>e.g.</u>, <u>Florio</u> v. <u>Canty</u>, 954 F. Supp. 2d at 230-31; <u>Tasini</u> v. <u>AOL, Inc.</u>, 851 F. Supp. 2d 734, 737 (S.D.N.Y.) ("The Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.'"), <u>aff'd</u>, 505 F. App'x 45 (2d Cir. 2012); <u>Saunders</u> v. <u>Coughlin</u>, 92 Civ. 4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15, 1994) (quoting <u>Geisler</u> v. <u>Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)).

### 1.      Redi Fresh Did Not Pay the Wrong Party

South Pacific contends that Redi Fresh paid the wrong party.  (Dkt. No. 21: South Pacific Opp. Br. at 15-18.)  That assertion is frivolous.  The Second Circuit has held that "[a]n argument constitutes a frivolous legal position for purposes of Rule 11 sanctions, if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands."  Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) (quoting Caisse Nationale de Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)).  South Pacific's argument is frivolous because  Redi Fresh did not pay any party.  Pursuant to this Court's Attachment Order, Redi Fresh deposited all proceeds from the sale of Bonita bananas in the Court's registry.  (Dkt. No. 20: Redi Fresh Br. Ex. 1: 10/28/13 Consent Order; see pages 6-7 above.)  Redi Fresh thus is relieved of all obligations as a garnishee in the NYKCool litigation.  (10/28/13 Consent Order, ¶ 8.)  After depositing the funds with the Court, Redi Fresh did not control the entity to which they ultimately would be released by the Court, and could not thereby have paid the right party or the wrong party.  (Id. ¶ 5.)  South Pacific could have sought release of funds from the Court registry to pay its alleged freight charges, but it did not do so (presumably because NYKCool would have been entitled to any such funds).

### 2.      Redi Fresh Cannot Be Held Doubly Liable

South Pacific's contention that Redi Fresh paid the wrong party admits of the fact that Redi Fresh had limited funds with which to meet obligations arising from Bonita banana sales.  (Dkt. No. 21: South Pacific Opp. Br. at 15-18.)  Redi Fresh deposited all proceeds from Bonita banana sales in the Court's registry.  (See page 7 above.)  Requiring Redi Fresh to pay freight after having deposited all Bonita banana proceeds with the Court would be akin to holding Redi Fresh doubly liable. "[T]he New York Appellate Division, Second Department has gone so far as to state that the

admonishment of the Supreme Court of the United States in Harris [v. Balk] to prevent double liability is incorporated into CPLR Articles 52 and 62." Shaheen Sports, Inc. v. Asia Ins. Co., 11 Civ. 920, 2012 WL 919664 at *8 (S.D.N.Y. Mar. 14, 2012) (citing Harris v. Balk, 198 U.S. 215, 226, 25 S. Ct. 625, 628 (1905) ("[I]t is the object of courts to prevent the payment of any debt twice over."), and Oppenheimer v. Dresdner Bank A.G., 50 A.D.2d 434, 440 (2d Dep't 1975), aff'd, 41 N.Y.2d 949, 394 N.Y.S.2d 634 (1977)), appeal dismissed sub nom. Hamid v. Habib Bank Ltd., No. 12-1481, 2012 WL 4017287 (2d Cir. Aug. 14, 2012).

    South Pacific was on notice of the Attachment Order issued in the NYKCool litigation and Redi Fresh's subsequent deposit into the Court's registry of Bonita banana proceeds, for several reasons: (1) South Pacific is part of the Noboa-controlled "group" (Dkt. No. 15: 7/29/14 Conf. Tr. at 24); (2) South Pacific was represented by Michael Wilson, former counsel to several of the NYKCool defendants against which this Court has entered judgment (see pages 4-5, 8 above); (3) South Pacific is doing business as Ecuadorian Line, against which this Court has entered judgment in favor of NYKCool (see pages 5, 9 above); and (4) Peter Malo of Redi Fresh stated as much to South Pacific via email (Dkt. No. 22: Guerrero Aff. Ex. 18 at 4: 1/28/14 email).  If South Pacific believed it was entitled to some of the funds that Redi Fresh deposited with the Court, South Pacific should have brought a motion pursuant to C.P.L.R. § 6223 to so demonstrate.  C.P.L.R. § 6223(a) ("[T]he defendant, the garnishee or any person having an interest in the property or debt may move . . . for an order vacating or modifying the order of attachment." (emphasis added)); see also, e.g., Helicon Partners, LLC v. Kim's Provision Co., No. 12-01602, 2013 WL 1881744 at *4 (Bankr. S.D.N.Y. May 6, 2013); Thadford Realty Co. v. L.V. Income Props. Corp., 101 A.D.2d 814, 814, 476 N.Y.S.2d 346, 346 (2d Dep't 1984) ("A person having an interest in the attached property . . . may move for an order vacating the order of attachment prior to the application of the property

to the satisfaction of a judgment.").  South Pacific did not make any such motion, but instead commenced these proceedings.[5]

       Accordingly, South Pacific's complaint should be dismissed for failure to state a claim on which relief can be granted.

## II.  SOUTH PACIFIC SHOULD BE SANCTIONED FOR VIOLATING RULE 11

### A.  Legal Standard

       "By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it," an attorney or unrepresented party thereby "certifies" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).  "Rule 11 sanctions are designed to deter baseless filings."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany, 369 F.3d 91, 97 (2d Cir. 2004).

       "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated," the Court may impose sanctions on an attorney or unrepresented

---

[5]    Such a motion would not have been successful here.  By virtue of its own complaint, South Pacific is doing business as Ecuadorian Line.  (Dkt. No. 2: Notice of Removal Ex. 1: Compl. ¶ 2.)  This Court has already entered judgment against Ecuadorian Line in favor of NYKCool.  (12 Civ. 5754, Dkt. No. 73: 7/10/13 Judgment.)  The issue of which Noboa-controlled judgment debtor contracted with Redi Fresh to pay or be paid for ocean freight would not have affected the Court's disposition as to the attached monies.

party, either by motion or on its own initiative.  Fed. R. Civ. P. 11(c)(1)-(3); see, e.g., Williamson

v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008), cert. denied, 555 U.S. 1102, 129 S. Ct. 946

(2009); Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 57 (2d Cir. 2000).[6]

   In deciding whether a pleading or other filing violates Rule 11, the Court typically

applies "'an objective standard of reasonableness[.]'" Catcove Corp. v. Heaney, 685 F. Supp. 2d 328,

337 (E.D.N.Y. 2010); accord, e.g., Smith v. Westchester Cnty. Dep't of Corr., 577 F. App'x 17, 18

(2d Cir. 2014); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009); Storey

v. Cello Holdings L.L.C., 347 F.3d 370, 387 (2d Cir. 2003) (Sotomayor, C.J.) (citing Margo v.

Weiss, 213 F.3d 55, 65 (2d Cir. 2000)); In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig., 712 F.

Supp. 2d 255, 263 (S.D.N.Y. 2010); Chow v. City of N.Y., No. 09-CV-1019, 2010 WL 2103046 at

*3 (E.D.N.Y. May 25, 2010).[7]  "A party advances an objectively unreasonable claim if, at the time

the party signed the pleading, 'it is patently clear that [the] claim has absolutely no chance of success

under the existing precedents, and where no reasonable argument can be advanced to extend, modify

---

[6]  See also, e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94 (2d Cir. 1999); Truong v. Nguyen, 10 Civ. 386, 2013 WL 4505190 at *3 (S.D.N.Y. Aug. 22, 2013); Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC, 924 F. Supp. 2d 505, 508 (S.D.N.Y. 2013).

[7]  This "standard is appropriate in circumstances where the lawyer [or party] whose submission is challenged by motion has the opportunity, afforded by the 'safe harbor' provision, to correct or withdraw the challenged submission."  In re Pennie & Edmonds LLP  323 F.3d 86, 90 (2d Cir. 2003); accord, e.g., ATSI Commc'ns, Inc. v. Shaar Fund Ltd., 579 F.3d at 150.  Where, however, a court invokes Rule 11 "'long after'" the offending litigant has "an opportunity to correct or withdraw the challenged submission," the Second Circuit requires a finding of "subjective bad faith."  ATSI Commc'ns, Inc. v. Shaar Fund Ltd., 579 F.3d at 150; In re Pennie & Edmonds LLP  323 F.3d at 90-92; Truong v. Nguyen, 2013 WL 4505190 at *3; Castro v. Mitchell, 727 F. Supp. 2d 302, 309 (S.D.N.Y. 2010); Centauri Shipping Ltd. v. W. Bulk Carriers KS, 528 F. Supp. 2d 197, 200 (S.D.N.Y. 2007).

or reverse the law as it stands[.]'"   Catcove Corp. v. Heaney, 685 F. Supp. 2d at 337 (quoting

Eastway Constr. Corp. v. City of N.Y., 762 F.2d 243, 254 (2d Cir.1985)).[8/]

District Courts have "'broad discretion' to 'tailor[] appropriate and reasonable

sanctions under [R]ule 11.'"   Lawrence v. Wilder Richman Sec. Corp., 417 F. App'x 11, 15 (2d Cir.

2010) (quoting O'Malley v. N.Y.C. Transit Auth., 896 F.2d 704, 709 (2d Cir.1990)); see also Fed.

R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments ("The court has significant discretion

in determining what sanctions, if any, should be imposed for a violation . . . .").   Sanctions may

include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and

warranted for effective deterrence, an order directing payment to the movant of part or all of the

reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P.

11(c)(4).[9/]   "Where a district court concludes that a monetary award is appropriate, its broad

discretion extends to determining the amount of the award."  Lawrence v. Wilder Richman Sec.

Corp., 417 F. App'x at 15.  Any sanction imposed must, however,  be "limited to what suffices to

---

[8/]   Accord, e.g. Graves v. Deutsche Bank Sec., Inc., 07 Civ. 5471, 2010 WL 997178 at *7
(S.D.N.Y. Mar. 18, 2010), aff'd, 548 F. App'x 654 (2d Cir. 2013); Ho Myung Moolsan Co.
v. Manitou Mineral Water, Inc., 665 F. Supp. 2d 239, 263 (S.D.N.Y. 2009); see also, e.g.,
Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) ("'An argument constitutes a
frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of
reasonableness, it is clear . . . that there is no chance of success and no reasonable argument
to extend, modify or reverse the law as it stands.'" (quoting Caisse Nationale de Credit
Agricole-CNCA, N.Y. Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994))).

[9/]   "[A] court may award attorneys' fees under Rule 11 only 'if imposed on motion' . . . ."
Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d at 94; accord, e.g., Baffa v.
Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d at 57 ("[A]bsent a specific motion for
attorneys' fees, the court only ha[s] authority to order sanctions payable to the court.");
Castro v. Mitchell, 727 F. Supp. 2d at 309 ("[A]ttorney's fees can only be included in a
sanction that is 'imposed on motion.'").   Sanctions imposed by the Court sua sponte are
limited to "nonmonetary directives" or "an order to pay a penalty into court." Fed. Rule Civ.
P. 11(c)(4); e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d at 94; Castro v.
Mitchell, 727 F. Supp. 2d at 309-10.

deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); e.g., Margo v. Weiss, 213 F.3d 55, 64 (2d Cir. 2000) ("Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'"); Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d at 265 (same).  A court may award attorneys' fees as a sanction "'if imposed on motion." Fed. R. Civ. P. 11(c)(4); see, e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94 (2d Cir. 1999); Hutter v. Countrywide Bank, N.A., 9 Civ. 10092, 2014 WL 4207588 at *25 (S.D.N.Y. Aug. 22, 2014).[10]

### B.    South Pacific's Claim is Objectively Unreasonable

An attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable.  Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329-30 (2d Cir. 1995); Watkins v. Smith, 12 Civ. 4635, 2013 WL 655085 at *5 (S.D.N.Y. Feb. 22, 2013), aff'd, 561 F. App'x 46 (2d Cir. 2014).  Under the circumstances it would have been reasonable for South Pacific's attorneys, Blank Rome, to rely on South Pacific's direct, first hand account of the contractual dispute and related invoices. Nassau-Suffolk Ice Cream, Inc. v. Integrated Res., Inc., 118 F.R.D. 45, 48 (S.D.N.Y. 1987) ("To decide if the attorney may rely solely on the

---

[10]    It is not clear whether Redi Fresh fully complied with Rule 11(c)(2), but since South Pacific has not claimed non-compliance, any such issue is deemed waived.  See, e.g., Johnson ex rel. U.S. v. The Univ. of Rochester Med. Ctr., 715 F. Supp. 2d 427, 429-30 (W.D.N.Y. 2010) (acknowledging strict compliance with Rule 11(c)(2) may be waived when offending party had at least 21 days during which the claims could have been withdrawn), aff'd sub nom. Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121 (2d Cir. 2011); Pannonia Farms, Inc. v. USA Cable, 03 Civ. 7841, 2004 WL 1276842 at *10-11 (S.D.N.Y. June 8, 2004), aff'd in part, dismissed in part, 426 F.3d 650 (2d Cir. 2005) (declining to consider sanctions as amount imposed was not final). While South Pacific does argue that the new points raised in Redi Fresh's Reply Brief and the Stamatis affidavit did not comply with Rule 11, the new material in those papers is not the basis for the Court's grant of Rule 11 sanctions, so any such non-compliance is excused.

client, the lawyer should determine if knowledge thereof is direct or hearsay and check closely the plausibility of the client's account.").  Blank Rome, however, clearly did not make an "inquiry reasonable under the circumstances," Rule 11(b), as to the attachment and other facts involving the Noboa entities and NYKCool.

The Second Circuit has enumerated factors to be considered in determining whether an inquiry was reasonable:

> "Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar."

Kamen v. AT & T, 791 F.2d 1006, 1012 (2d Cir. 1986) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments).  Each of these factors weighs against Blank Rome.  In filing the new complaint, Blank Rome did not have a deadline, and thus was under no particular time pressure.  Information about the many Noboa alter egos and the interrelation of the Noboa-controlled entities is publicly available, and Blank Rome did not have to rely exclusively on its client.  Finally, Blank Rome took over from former counsel, to whom even the most perfunctory inquiry would have yielded information about the related attachment and NYKCool litigation.  Sanctions are warranted against counsel for the clearly deficient inquiry as to the facts underlying this claim, and against South Pacific for its actual knowledge of the factual and legal insufficiency of its claim.  Amorosa v. Ernst & Young LLP, 03 Civ. 3902, 2010 WL 245553 at *4 (S.D.N.Y. Jan. 20, 2010) ("both a represented party and his attorney can be sanctioned under Rule 11(b)(3) for the factual insufficiency of a complaint").

Rule 11 also requires attorneys to conduct a reasonable inquiry into the law underlying a pleading, motion or other paper, which Blank Rome did not perform sufficiently.  Fed.

R. Civ. P. 11(b)(2) (an attorney's signature or later advocacy "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law. . ."); see, e.g., Eastway Constr. Corp. v. City of N.Y., 762 F.2d 243, 253 (2d Cir.1985) ("Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed."); Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 675 F. Supp. 146, 154 (S.D.N.Y. 1987) (Rule 11 imposes a duty to perform reasonable legal inquiry before signing and filing a complaint), aff'd, 875 F.2d 388 (2d Cir.), cert. denied, 493 U.S. 1003, 110 S. Ct. 563 (1989).  Any objectively reasonable inquiry into the law, even a simple Google search of the parties' names, would have led to the conclusion that the appropriate mechanism for recovering funds was a motion in the NYKCool litigation, as discussed above.  (See pages 12-14 above.)

As presented, South Pacific's claim is objectively unreasonable in that "'it is patently clear that [the] claim has absolutely no chance of success under the existing precedents . . . .'" Catcove Corp. v. Heaney, 685 F. Supp. 2d 328, 337 (E.D.N.Y. 2010) (quoting Eastway Constr. Corp. v. City of N.Y., 762 F.2d at 254).  Counsel's continued advocacy of South Pacific's objectively unreasonable claim after removal warrants sanctions.  See, e.g., Dellefave v. Access Temps., Inc., 99 Civ. 6098, 2001 WL 286771 at *5-6 (S.D.N.Y. Mar. 22, 2001) (on removal, federal courts can sanction plaintiff for pursuing claims in pleadings originally filed in state court because plaintiff has presented those claims in federal court by continuing to advocate for them in subsequent filings).

### C.   South Pacific's Claim is Presented for an Improper Purpose

Additionally, I am persuaded that South Pacific's claim is presented for an improper purpose; namely in a bad faith attempt to harass and punish Redi Fresh by forcing it to needlessly

expend attorneys' fees in violation of Rule 11(b)(1).  The deficiency of South Pacific's claim,

coupled with its behavior in this litigation (including its EDNY and N.Y. Supreme Court filings),

gives rise to an inference of improper purpose.  Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d

323, 338 (2d Cir. 1999) (Bad faith can be inferred when the action is "so completely without merit

as to require the conclusion [it] must have been undertaken for some improper purpose."); Katzman

v. Victoria's Secret Catalogue, 167 F.R.D. 649, 661 (S.D.N.Y. 1996) ("The total lack of substance

in the Plaintiff's RICO claims . . . gives rise to the inference that the action was filed for improper

purposes.").

       As a preliminary matter, South Pacific's behavior exemplifies impermissible forum-

shopping.  See Ramirez v. iBasis, Inc., No. 08-CV-5125, 2010 WL 1223589 at *5 (E.D.N.Y. Mar.

24, 2010) ("The forum-shopping that Rule 41(d) is intended to guard against occurs when a plaintiff

voluntarily dismisses the initial suit and refiles the same action in another court, forcing the

defendant to incur further costs . . . .").  South Pacific initially filed this clearly related action in the

EDNY, and withdrew it within a day of Redi Fresh's notice of relatedness to this Court.  (See page

2 above.)  South Pacific then filed a nearly identical complaint, based upon the same claim, before

another (state) court, in spite of its clear factual relation to the NYKCool litigation, and the

substantial duplication of effort and expense that would be entailed in educating a new judge as to

the background facts that this Court is already familiar with.  (See pages 2-3 above.)[11]

---

[11]   See also S.D.N.Y. Local Rules for Division of Business Among District Judges, Rule 13 (relatedness is determined by whether: "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense . . . .").

Further, although the nature of the shipping agreement between Redi Fresh, Truisfruit, and South Pacific was the subject of extensive discovery in the NYKCool litigation, attorney Wilson never clarified in the NYKCool litigation that the "South Pacific" from which Redi Fresh had received invoices for bananas and shipping (allegedly) was not his client.  (Dkt. No. 25: Power Aff. Ex. 3: Stamatis: Tr. 2, 159-60.)   Moreover, until it became necessary to apprise the Court (Dkt. No. 8: 6/13/14 Letter), South Pacific's former counsel, Mr. Wilson, and its current counsel, Blank Rome, did not apprise Redi Fresh of the existence of two allegedly distinct, like-named, "South Pacific dba Ecuadorian Lines" entities.  (See page 7 above.)  Additionally, in trying to justify its claim for freight charges in response to the Rule 11 motion, South Pacific presents only one declaration, from a South Pacific employee who does not even allege that he negotiated the shipping agreement at issue.  (Compare Dkt. No. 22: Guerrero Aff. with Dkt. No. 26: Stamatis Aff. ¶¶ 5-7, 18-29.)  Finally, Redi-Fresh's assertion that South Pacific warned that it would be "playing with fire" if it complied with this Court's attachment order (see page 7 above), is direct evidence of South Pacific's bad faith desire to use the judicial process to harass.  See e.g., Alexandrou v. Fromkin, No. 11-CV-5240, 2014 WL 3732742 at *6 (E.D.N.Y. July 25, 2014) (statements demonstrating improper motive may establish claim was instituted to harass); Colliton v. Cravath, Swaine & Moore LLP, 08 Civ. 0400, 2008 WL 4386764 at *14 (S.D.N.Y. Sept. 24, 2008) (imposing sanctions for claims "intended at least in part" to harass), aff'd, 356 F. App'x 535 (2d Cir. 2009); United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt-Meridien Contr. Corp., 890 F. Supp. 1213, 1228 (S.D.N.Y. 1995) (sanctions appropriate where "unrebutted testimony was that [plaintiff] said to [defendant] 'sue me' and '[i]t would take you a hundred thousand dollars to retain an attorney' and 'I'll tie you up for six years'"), aff'd in part, vacated in part, 95 F.3d 153 (2d Cir. 1996) (upholding sanctions).

### D.  Sanctions Are Appropriate

I find that sanctions are necessary and appropriate to deter further baseless filings and improper behavior.  Margo v. Weiss, 213 F.3d 55, 64 (2d Cir. 2000) ("Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'").  Redi Fresh has moved for sanctions (see pages 7, & n.10 above), and attorneys' fees thus are a valid sanction.  See, e.g., Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87,  94 (2d Cir. 1999) ("[A] court may award attorneys' fees under Rule 11 only 'if imposed on motion' . . . .").  Awarding attorneys' fees as a sanction is particularly appropriate for improper purpose violations.  See Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments.

Sanctions frequently are assessed against both represented parties and their attorneys when the Court finds the party has acted in bad faith, or proceeded with an improper purpose.  See, e.g., Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 176 (2d Cir. 1999) ("a violation of Rule 11(b)(1) would warrant the imposition of monetary sanctions not only on [plaintiff's] counsel but also on [plaintiff] itself"); Morley v. Ciba-Geigy Corp., 66 F.3d 21, 24 (2d Cir. 1995); Libaire v. Kaplan, No. Civ. 06-1500, 2008 WL 794973 at *14 (E.D.N.Y. Mar. 24, 2008); Freeman v. Bianco, 02 Civ. 7525, 2003 WL 179777 at *6-7 (S.D.N.Y. Jan. 24, 2003) (Lynch, D.J.) (Ordering both counsel and plaintiff to show cause why they should not be ordered to reimburse defendant's attorneys' fees when, "it is difficult to understand what good faith, non-harassing motive the [plaintiffs] could have for persisting in the litigation."); Fischer v. Samuel Montagu, Inc., 125 F.R.D. 391, 396 (S.D.N.Y.) (Imposing sanctions against represented defendant where, "upon the entire record, it is clear that the defendant proceeded in bad faith and from a desire to harass plaintiff."), amended, 131 F.R.D. 379 (S.D.N.Y. 1989); Selbst v. Touche Ross & Co., 116 F.R.D.

665, 669 (S.D.N.Y. 1987); Friedgood v. Axelrod, 593 F.Supp. 395, 397 (S.D.N.Y. 1984) ("Since [plaintiff's] action was brought in bad faith, assessment of attorneys' fees against him is appropriate.").

      Accordingly, Rule 11 sanctions should be assessed against South Pacific and its attorneys, jointly and severally, for the reasonable attorneys' fees incurred by Redi Fresh in defending against this claim in all three courts.  Estate of Calloway v. Marvel Entm't Grp., 9 F.3d 237, 239 (2d Cir. 1993) ("persons liable for Rule 11 sanctions may be jointly and severally liable"), cert. denied, 511 U.S. 1081, 114 S. Ct. 1829 (1994); Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986) ("a sanction for attorneys' fees may be imposed either on the attorney who signs a paper, or on the party he represents, or on both"), cert. denied, 480 U.S. 918, 107 S. Ct. 1373 (1987); Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., No. 07-CV-3208, 2010 WL 3924674 at *5 (E.D.N.Y. Sept. 30, 2010), aff'd, 682 F.3d 170 (2d Cir. 2012); New V & J Produce Corp. v. NYCCaterers Inc., 13 Civ. 4861, 2014 WL 5026157 at *9 n.7 (S.D.N.Y. Sept. 29, 2014); In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig., 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010) ("Where multiple parties or attorneys are responsible for Rule 11 violations, those parties may be held jointly and severally liable in the court's discretion."); Amorosa v. Ernst & Young LLP, 03 Civ. 3902, 2010 WL 245553 at *4 (S.D.N.Y. Jan. 20, 2010).[12]

## CONCLUSION

      For the reason's set forth above, Redi Fresh's motion (Dkt. No. 19) for Rule 11 sanctions should be GRANTED and South Pacific's complaint should be DISMISSED.  South

---

[12]   South Pacific's request for its fees accordingly is denied.  See, e.g., E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 183 (S.D.N.Y. 2008) (even party that prevailed in defeating Rule 11 motion can be denied its fees, citing cases).

Pacific's cross motion (Dkt. No. 21) for attorneys' fees and expenses incurred in defending against the motion should be <u>DENIED</u>.

Redi Fresh is to present its billing records to South Pacific by December 15, 2014. If there is no agreement as to fees (without waiver of South Pacific's right to file objections to this Report & Recommendation), Redi Fresh is to file its billing record and a brief in support of its fee request to the Court by December 24, 2014.  South Pacific's opposition papers are due by January 7, 2015.  Redi Fresh will be entitled to its reasonable fees for its fee application.

## <u>FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 2240, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas</u> v. <u>Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Ingram</u> v. <u>Herrick</u>, 475 F. App'x 793, 793 (2d Cir. 2012); <u>IUE AFL-CIO Pension Fund</u> v. <u>Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822, 115 S. Ct. 86 (1994); <u>Frank</u> v. <u>Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1038, 113 S. Ct. 825 (1992); <u>Small</u> v. <u>Sec'y of</u>

25

Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55,

57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).


        SO ORDERED.

Dated:      New York, New York
          December 9, 2014


                                 **Andrew J. Peck**
                                 United States Magistrate Judge

Copies ECF to: All Counsel
               Judge Lewis A. Kaplan