UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOUTH PACIFIC SHIPPING CO. LTD. INC.,

Plaintiff

-against-                                                    14-cv-4157 (LAK)

REDI-FRESH PRODUCE INC.,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3|11|15
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       This is an action to recover for alleged non-payment of ocean freight.  It is before the Court on the plaintiff's objections to a report and recommendation of Magistrate Judge Andrew J. Peck, dated December 9, 2014 (the "R&R"), which recommended that defendant's motion to dismiss the complaint and for Rule 11 sanctions be granted.  In essence, the R&R concludes that plaintiff's claim, in the context of this and related litigation, is implausible, brought in bad faith, and part of a scheme to retaliate against the defendant for complying with its obligations as a garnishee in a related case.

       No one denies that the complaint in this case states a legally sufficient claim for relief.  Given the history of the related case ("*NYKCool*"),[1] the efforts of the plaintiff in this case to avoid having the matter come before this Court and thus before judicial officers familiar with the

---

[1]     *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12 Civ. 5754 (LAK).

    The Court notes that *NYKCool* was dismissed with prejudice today upon a stipulation of the parties.

2

extremely complex background of *NYKCool*, and the evidence that, if credited, could demonstrate

that this case may have been brought in a bad faith effort to retaliate against the defendant for

complying with the order of attachment in *NYKCool*, there perhaps is more than a little to be said

for the position taken in the R&R.  Nevertheless, this Court is not prepared on the present record to

dismiss the complaint without affording the plaintiff a more expansive opportunity to be heard.  Nor

does the Court think it an appropriate use of judicial resources – at this stage – to embark on what

easily could become a satellite litigation concerning sanctions.  Accordingly, defendant's motion

will be denied, albeit without prejudice to renewal in the future.

At the same time, the Court is entirely mindful of two indisputable facts.

First, further litigation may well prove costly for both plaintiff and defendant.

Second, even if defendant prevails in all respects – including proof of its contentions

that the action is frivolous and that it has been brought in bad faith and for the purpose of punishing

defendant economically by imposing legal expenses on it even if the plaintiff loses – defendant

could well find it impossible or extremely costly and difficult to collect any sanctions or other costs

that may be imposed on plaintiff.  The nature and extent of these difficulties is well illustrated by

the history on full display in the record of the *NYKCool* case.

Accordingly, this may well be a case in which it is appropriate to invoke S.D.N.Y.

3

Civ. R. 54.1[2] and 54.2[3] in order to condition plaintiff's ability to proceed further on its posting a bond or other security in form and amount sufficient to ensure that defendant readily could collect in full all of its attorneys fees, legal expenses and other costs incurred in the defense of this action and in pursuing such sanctions, together with interest, in the event it ultimately prevails. This Court, however, leaves such matters, in the first instance, to Magistrate Judge Peck.

Accordingly, defendant's motion to dismiss and for sanctions [DI 19] is denied without prejudice. Plaintiff's cross-motion for attorneys fees and expenses [DI 21] is denied with prejudice.

SO ORDERED.

Dated:       March 11, 2015

_____
Lewis A. Kaplan
United States District Judge

_____

[2] Rule 54.1(c)(7) provides in relevant part that "[a]ttorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the Court." This perhaps could prove to be a case in which attorney fees, disbursements, and other related fees and paralegal expenses properly could be taxed as costs. *See, e.g.*, 28 U.S.C. § 1927; FED. R. CIV. P. 11(c)(2), (4).

[3] Rule 54.2 provides: "The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party." *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999) (holding that the district court was justified in requiring security for costs under Rule 54.2 where "the merits of plaintiff's claims were questionable, . . . plaintiff had violated discovery orders and otherwise had failed to prosecute his claims adequately, and . . . defendants' ultimate ability to recover costs that might be awarded by the court was in doubt"); *see also Valentini v. Citicorp. Fin. Servs. Corp.*, 589 F. App'x 1, 2 (2d Cir. 2014) (affirming the imposition of a $750,000 security bond as within the district court's discretion under Rule 54.2).